UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>JOHNNY ANDRES ASUNCION, III,<br><br>              Defendant. | NO. CR-07-2064-EFS<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION TO CORRECT JUDGMENT** |

Before the Court, without oral argument, is Defendant Johnny Andres Asuncion, III's Motion to Correct Judgment (Ct. Rec. 48), which asks the Court to amend the Judgment to recognize the Court's oral sentencing recommendation that Defendant receive credit for time served. As explained below, the Court declines to amend the Judgment.

**A.   Background**

On November 9, 2007, the Court sentenced Defendant to ninety-two months imprisonment for distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1).[1]  The Judgment states, "[the] Court recommends

---

[1] This sentence was concurrent to the twenty-four month sentence imposed in Defendant's supervised release violation, Case No. 03-2160-EFS. Defendant has completed serving the supervised release violation imprisonment sentence.

ORDER ~ 1

defendant receive credit for time served in *federal* custody prior to sentencing in this matter." (Ct. Rec. 44 (emphasis added.))

On August 13, 2010, Defendant filed the instant motion, seeking credit for the time he spent in state custody from October 20, 2006, to June 14, 2007. On October 20, 2006, Defendant was arrested and detained for a state charge of second degree possession of stolen property in Yakima County Superior Court. On January 3, 2007, he was sentenced on this state charge to twelve months and a day and received credit for time served. Then, on May 15, 2007, Defendant was indicted in the instant matter on federal drug trafficking crimes arising from September 2006 conduct. (Ct. Rec. 1.) The May 16, 2007-issued arrest warrant was executed on June 29, 2007, and a writ of habeas corpus ad prosequendum was issued on June 13, 2007. Although the docket sheet does not expressly support Defendant's assertion that he was brought into federal custody on June 14, 2007, the Court accepts this assertion as true for purposes of this motion.

**B.   Authority and Analysis**

"The authority of district courts to correct or reduce a sentence is limited." *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996). Section 3582(c) of Title 18 provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that–
> (1)(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by *Rule 35 of the Federal Rules of Criminal Procedure*; . . . .

18 U.S.C. § 3582(c)(1)(B) (emphasis added). Rule 35 allows a judgment to be corrected within fourteen days of sentencing for an arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a).

ORDER ~ 2

Because Defendant was sentenced on November 9, 2007, his August 13, 2010 motion is untimely for purposes of seeking relief under Rule 35. Therefore, Defendant's motion is denied as untimely.

The Court also denies the motion on its merits. Defendant's October 26, 2007 sentencing memorandum (Ct. Rec. 40) did not discuss his time served in state custody. Yet, in his October 25, 2007 letter, Defendant stated:

> I have been in custody since Oct. 20, 06 of last yr. I would sincerly [sic] appriate [sic] it if my sentence could start then. My Federal P.O. put the first detainer on Nov. 29, 06 but I was already in custody. Then I was endicted [sic] on more charges on May 15, 07. I was still in custody. My new charges were from that previous yr. 06.

(Ct. Rec. 39.) At the November 9, 2007 sentencing, Defendant again requested credit for time served since October 20, 2006. The Court acknowledged that it had read Defendant's letter and stated, "I'll take it into consideration. I'll certainly recommend that you receive credit for time served, and that's up to the Bureau of Prisons, as you know." (Ct. Rec. 47 p. 8.) Later during the sentencing, the Court also stated, "Recommendation of credit for time served." *Id.* at 14. These oral recommendations were memorialized in the Judgment as follows: "Court recommends defendant receive credit for time served in federal custody prior to sentencing in this matter." (Ct. Rec. 44 p. 2.)

The Judgment is consistent with the Court's intent at sentencing: the Court intended Defendant to receive credit for time served in *federal* custody or under a federal detainer—not credit for time served in state custody on the unrelated possession-of-stolen-property conviction. Defendant asserts that he was under a federal detainer in November 2006, however, no federal complaint or indictment was filed until May 2007.

ORDER ~ 3

Accordingly, the Court concludes the Bureau of Prisons has appropriately credited Defendant for time served since June 14, 2010: the date upon which the writ of habeas corpus ad prosequendum was executed.

**C.   Conclusion**

For the above-given reasons, there is no need to amend the Judgment and **IT IS HEREBY ORDERED**:  Defendant's Motion to Correct Judgment **(Ct. Rec. 48)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to Defendant and counsel.

**DATED** this ___22ⁿᵈ___ day of October 2010.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2007\2064.credit.time.served.wpd

ORDER ~ 4